

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann          AUSTIN 11, TEXAS

~~KOBBXHBKXSHETXXTXXEXXXXX~~
ATTORNEY GENERAL

Honorable W. C. McClain
District Attorney
Conroe, Texas

Dear Mr. McClain:

Opinion No. O-2526
Re: Under Articles 3123 and
3128, R. S., should the
ballot boxes used in
primary elections be re-
turned with the ballots
cast to the County Clerk
of the county or the
Chairman of the County
Executive Committee of
said county?

We beg to acknowledge receipt of your letter of date July 3, 1940, propounding the following question for an opinion:

"Under Article 3123 and Article 3128 of the Revised Statutes, should the ballot boxes used in primary elections be returned with the ballots cast to the County Clerk of the county?"

Article 3123 referred to by you is as follows:

"The presiding judges of party primary elections in all of the election precincts of this State shall, within seventy-two hours after the closing of the polls in said party primary election, make returns to the Chairman of the County Executive Committee of their respective Counties of the ballot boxes containing the ballots voted, locked and sealed, tally sheets, poll lists, return sheets, ballots mutilated and defaced, and ballots not voted, for which said County Chairman shall account to the Executive

Committee of the county. The County Chairman shall, within forty-eight hours after the votes have been canvassed by the County Executive Committee as provided in Article 3124, Revised Civil Statutes of 1925 as amended by Chapter 275, Acts of the Regular Session of the Forty-first Legislature, mail to the State Chairman of their respective parties, complete returns as to the results of said party primary elections as to the several State offices."

Article 3128 of the Statutes reads as follows:

"Ballot boxes after being used in primary elections shall be returned with the ballots cast, or contained in each box as they were deposited by the election judges, locked and sealed, to the county clerk, and, unless there be a contest for a nomination in which fraud or illegality is charged, they shall be unlocked and unsealed by the county clerk and their contents destroyed by the county clerk and the county judge without examination of any ballot, at the expiration of sixty days after such primary election."

There is no conflict between these two statutes. Each of them should be, and may be, we think, construed in such a way as that both may stand, and that being true, it is our duty to construe them accordingly.

Article 3123 plainly and specifically makes it the duty of the presiding judges of party primary elections to "make returns to the County Chairman of the County Executive Committee of their respective counties of the ballot boxes containing the ballots voted, locked and sealed, tally sheets, poll lists, return sheets," etc. It furthermore imposes upon the County Chairman the duty to account to the Executive Committee of the county for these things. This statute is specific, clear and unambiguous. It should be followed.

Article 3128 of the Statutes requires that "ballot boxes after being used in primary elections shall be returned with the ballots cast, or contained

in each box as they were deposited by the election judges, locked and sealed, to the County Clerk." It does not provide specifically who shall make such returns. We think the clear implication, however, is that the County Chairman shall return them to the County Clerk. That officer will, of course, deliver to the Committee those instruments -- "tally sheets, poll lists, and return sheets" -- for the Committee's use, but the ballot boxes, which can serve no purpose in the hands of the Committee should be returned directly to the County Clerk.

It will be noted the statute merely requires the Chairman "to account" to the Committee for all returns. He has performed that duty as to the ballot boxes when he delivers them to the County Clerk and reports that fact to the Executive Committee.

We trust that what we have said will have answered your question satisfactorily.

Yours very truly,

APPROVED JUL 15, 1940          ATTORNEY GENERAL OF TEXAS

Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL               By    /s/  Ocie Speer
                                     Ocie Speer
OS-MR-hep                                 Assistant


                         APPROVED
                         OPINION
                         COMMITTEE
                         BY .BWB
                         CHAIRMAN